THE PEOPLE *ex rel.* James W. Greenwell *et al.* Appellants, *vs.* THE BOARD OF SUPERVISORS OF CLARK COUNTY, Appellees.

*Opinion filed April 23, 1908.*

1. MUNICIPAL CORPORATIONS—*the question of disconnecting territory from town must be voted upon.* The last proviso to section 12 of the Township Organization act, as amended in 1901, (Laws of 1901, p. 313,) merely permits land lying wholly outside of any incorporated city or village to be disconnected from one town and added to another without regard to the extent of territory or the number of inhabitants, but it does not authorize such change to be made by the board of supervisors without submitting the question to the vote of the two towns.

2. MANDAMUS—*relief not asked for cannot be granted.* Upon denying a petition for *mandamus* to compel a board of supervisors to disconnect certain lands from one town and add them to another, it is improper for the court to award the writ to compel the board to submit the question to a vote of the two towns, where the petition contains no prayer for such relief and the board has not refused to perform that duty.

APPEAL from the Circuit Court of Clark county; the Hon. J. W. CRAIG, Judge, presiding.

This is an appeal from a judgment of the circuit court of Clark county, rendered in a proceeding for *mandamus*. Relators and others, constituting a majority of the land owners in a certain portion of the town of Casey, presented their petition to the board of supervisors of said county praying that six sections off the town of Casey be detached from said town and united with the town of Martinsville. These two towns are contiguous, the town of Casey being immediately west of the town of Martinsville. By their petition to the board of supervisors the relators sought to have disconnected a strip of territory one mile wide and six miles long from the east side of the town of Casey and the same added to the west side of the town of Martinsville. In other words, it was sought to extend the west boundary line of the town of Martinsville one mile further west. The board of supervisors refused to grant the prayer of the petition. Thereupon the relators filed a petition for a peremptory writ of *mandamus* against the board of supervisors to compel the board to grant the prayer of the petition and disconnect the said territory and annex the same to the town of Martinsville. The circuit court, upon a hearing, denied the prayer of the petition in so far as it was sought to compel the board of supervisors to make an order detaching the territory from the town of Casey and annexing the same to the town of Martinsville, but granted a peremptory writ of *mandamus* compelling the board of supervisors to submit

the question of disconnecting and annexing the proposed territory to a vote of the people of the two towns. From this judgment the relators prosecute this appeal.

DAVISON & BARTLETT, for appellants.

J. W. GRAHAM, and GOLDEN, SCHOLFIELD & SCHOL-FIELD, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The most serious question involved in this record relates to the construction of section 12 of the Township Organization law, or, in other words, the question is, what is the proper procedure to disconnect territory from one township and add the same to another where the lands lie wholly outside of and do not adjoin the limits of any incorporated city or village? Appellants contend that whenever a majority of the land owners within a given territory petition the county board to take such territory from one town and unite it with another 'it becomes the duty of the county board to disconnect such territory from one town and annex it to another, as prayed for in the petition, without submitting the question to the voters of the two towns to be affected; while appellees contend that the statute does not enjoin upon the board of supervisors the duty until a majority of the legal voters of the two towns involved have voted in favor of such annexation.

Prior to the amendment of 1901 section 12 of article 3 of the township Organization Law conferred power and jurisdiction upon the county board to disconnect territory from one town and annex the same to another contiguous town in the manner and subject to the conditions therein provided. One of the conditions provided in said section is: "That no territory shall be taken from one such town and at the same time united to another unless such territory be

at least one-half square mile in extent, and contain at least one thousand inhabitants." (Hurd's Stat. 1899, p. 1703.) Another requirement is that such change shall be petitioned for by at least one-fourth of the voters of the territory sought to be disconnected, or if such territory contained more than four hundred voters at the last general election, then such petition shall be signed by one hundred voters. Upon the filing of such petition provision is then made for submitting the question of disconnecting the proposed territory and annexing it to the contiguous town to a vote of the two towns affected. It is then provided that "if a majority of the voters in each town voting upon the question of disconnection of territory from one such town and annexation to the other at such election shall vote for the annexation, such county board at the meeting at which such votes are canvassed, or at the next succeeding meeting, shall proceed to declare such territory disconnected from the town of which it formerly formed a part, and united to the contiguous town to which it is sought to be annexed." The section makes provision for adjustment of indebtedness between the towns, and other matters subsequent to the annexation which are not important in this case.

The provisions above referred to were a part of section 12 prior to the amendment of 1901, and they are all retained in said section since that amendment. Sections 2, 4, 6, 7, 10, 11 and 12 of article 3 of an act entitled "An act to revise the law in relation to township organization," approved and in force March 4, 1874, were amended in 1887. (Laws of 1887, p. 300.) By section 12 as amended in 1887 the board of supervisors was given power to disconnect territory from one town and add the same to another, regardless whether the territory affected was within or without the corporate limits of a city or village. This court in *Dolese v. Pierce,* 124 Ill. 140, held that the amendatory act of 1887, in so far as it purported to confer power upon the board of supervisors to change the boundaries of cities and vil-

234—5

lages, was unconstitutional and void, for the reason that the subject matter of cities and villages was not included in the title of the act. The amendatory act of 1901 omitted from said section 12 all the provisions that had been held unconstitutional and added the following new matter: *"Provided, that where lands lie wholly outside of and not adjoining the limits of an incorporated city or village, whenever a majority of the land owners residing within such territory shall petition the county board to take such territory from one town and unite it with another town, the county board shall have full power to disconnect such territory from one town and annex it to another town, as prayed for in such petition, without regard to the extent of territory or number of inhabitants, but no town shall be reduced in extent of territory to less than sixteen square miles."* (Laws of 1901, p. 313.) It is under this proviso that relators claim that it is the duty of the county board to make an order disconnecting the territory in question without submitting the question to a vote of the two towns.

In our opinion the only effect of this proviso is to permit land owners who desire to be disconnected from one town and added to a contiguous town to petition therefor, without regard to the extent of territory or the number of inhabitants within such territory, where the lands proposed to be disconnected are outside of and not adjoining the limits of an incorporated city or village. Without this proviso, as we have already pointed out, it would be necessary for the petitioners to show that the territory proposed to be detached and annexed was at least one-half square mile in extent and contained not less than one thousand inhabitants. The proviso dispenses with the territorial limitation and the number of inhabitants therein except where the territory proposed to be disconnected from one town and added to another adjoins the limits of an incorporated city or village, but it is still necessary to submit the question to a vote of the two towns in the same manner that the law

required prior to the adoption of the amendment of 1901. There is nothing in the proviso of 1901 that purports to confer the power on the board of supervisors to disconnect territory from one town and annex it to another without submitting the question to a vote of the towns interested. The relators were not entitled to a peremptory writ of *mandamus* commanding the board of supervisors to disconnect this territory from the town of Casey and add it to the town of Martinsville, and the court properly refused to grant the prayer of the petition.

We think, however, that the court erred in awarding *mandamus* to compel the county board to submit the question to an election in the two towns. Relators had prayed for no such relief, and the court was not authorized to compel the performance of an act which was not included in the prayer of the petition and which respondents had not refused to perform. The general rule that no specific relief can be granted except such as is prayed for applies to *mandamus* proceedings. (Spelling on Extraordinary Relief, sec. 1653.) There was here no alternative prayer in the petition, and the only proper order that the court could make, under the pleadings, was either to deny or grant the writ. It has been held in this State that a writ of *mandamus* may issue for a part of the relief asked, (*People* v. *Secretary of State,* 58 Ill. 90; *People* v. *Lippincott,* 72 id. 578; *Illinois Watch Case Co.* v. *Pearson,* 140 id. 423;) but the relief granted, whatever it may be, must be within the prayer for relief.

For the error in granting a relief not prayed for in the petition the judgment of the circuit court of Clark county is reversed and the cause remanded.

*Reversed and remanded.*